RICHARD H. CONNOR and others, Administrators of Henry Connor *vs.* JOHN ALLEN.

A surviving partner having the legal right to the possession of the partnership property, the court will not deprive him of that right, unless upon proof of mismanagement or danger to the partnership effects.

Affidavits are not admissible to contradict the answer upon a motion for the appointment of a receiver.

Bill states that in 1838, Henry Connor and John Allen were partners, owning certain mills and other property to a considerable amount, that they carried on the milling business as partners, until September, 1840, when Connor died; that Allen had always been in actual possession and occupation of the premises, and still was in actual possession and occupation and was running the mills and manufacturing lumber from logs cut on the partnership lands, and on the lands belonging to Connor alone, and was using and appropriating the proceeds to his own use and benefit. Bill prays for an account, injunction and receiver.

An injunction was granted.

The answer denies the entire equity of the bill, and states that the partnership is largely indebted to the defendant.

The defendant moved to dissolve the injunction on the coming in of the answer.

The motion for a receiver, and to dissolve the injunction both came on to be heard at the same time.

A. C. SMITH, for complainants.

VAN DYKE & HARRINGTON, for defendant.

THE CHANCELLOR.—The answer denies the whole equity of the bill, and states the further fact that the partnership is indebted to him in a considerable amount. The surviving partner having the legal right to the possession of the property, the court will not deprive him of that right unless upon proof of mismanagement or danger to the partnership effects. *Gow on Part.*, 382.

The affidavits are not admissible in contradiction to the answer up-

First Circuit. on the motion to dissolve the injunction, and the answer being full the

Connor.

vs

Allen.

injunction must be dissolved.  Affidavits may be read upon a  motion for the appointment of a receiver.  But I do not think the affidavits presented show such a case of mismanagement or danger to the fund, as will justify the court in the  appointment  of a  receiver under the rule as before stated.

Injunction dissolved.